IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. ) Case No. CR-12-007-JHP
)
LEE MARTIN DE LA TORRE, )
)
        Defendant. )

**REPORT AND RECOMMENDATION**

On February 13, 2012, this Court conducted a hearing on Defendant's Motion to Suppress Evidence filed on February 3, 2012 (Docket Entry #23). The Motion was referred to the undersigned by presiding United States District Judge James H. Payne by Order entered February 6, 2012. Upon review of these documents filed by the parties and consideration of the evidence presented, this Court enters this Report and Recommendation.

On September 27, 2011, the District 27 Drug Task Force ("Task Force") assisted the Tulsa Police Department ("TPD") in the execution of a warrant upon a residence located in Broken Arrow, Oklahoma. The warrant authorized the search and seizure of certain DNA evidence and documents in connection with an investigation. Defendant was present in the residence at the time it was forcibly entered and secured by the Task Force. TPD conducted the search of the premises under the warrant while the Task Force waited in the foyer area.

During the course of the search, TPD Detective Jason White

discovered a bag with white powder residue in a bedroom of the residence. Detective White called a supervisor who field tested the substance and found it to test positive for methamphetamine. Task Force Investigator Elizabeth Crockett Mirandized Defendant and asked questions regarding the narcotics.

Investigator Crockett authored an Affidavit for Search Warrant, which stated (1) Investigator Crockett's past experience in the investigation of the illegal possession, distribution, manufacturing, and cultivation of controlled dangerous substances; (2) she believed probable cause existed to believe that certain listed property constituted evidence of the crime under Oklahoma law of Unlawful Possession of Methamphetamine; and (3) the address and description of the property to be searched.

The Affidavit also sets out the events concerning the search of the residence under the first search warrant including that (1) Defendant was present in the residence at the time of the execution of the first search warrant; (2) Detective White's discovery of the bag of narcotics in a wooden container at the searched residence; (3) stating in obvious scrivener's error that "White" rather than Defendant and another individual are involved in a continuing enterprise of possession of methamphetamine; (4) certain items are identified as drug paraphernalia in Investigator Crockett's experience are used by drug distributors; and (5) in her experience, weapons and a possession quantity of drugs are normally present in vehicles and on individuals present at a residence where controlled

2

substances are expected to be located.

Based upon the Affidavit, the state court district judge issued the search warrant. The Warrant finds probable cause to have been shown by Investigator Crockett that the listed property constituted evidence of the crime of Possession and Consumption of a Controlled Dangerous Substance under Oklahoma law and authorized the search of the Broken Arrow residence. The list of evidence authorized for seizure in the Warrant includes

> Methamphetamine and/or other controlled dangerous substances, a more particular description this affiant cannot give, and personal property consisting of paraphernalia ordinarily used in manufacturing, administering, utilizing or consuming said drugs . . . .

Investigator Crockett returned to the residence with the Warrant after approximately one hour. The Warrant was served upon Defendant. In the northeast bedroom of the residence, law enforcement found a pinkish plastic bag with white residue, a straw, a glass pipe, a pill container with pills, and a spoon with residue. In the bedroom closet, officers located a plastic bin containing three explosive devices with the words "F*** You Boom" written on the bin. The ATF was notified and the devices were seized together with M-80 fireworks, drawings, and writings.

On January 18, 2012, Defendant was indicted by the grand jury for Possession of an Unregistered Firearm in violation of 26 U.S.C. §§ 5861(d), 5845, and 5871, representing the three improvised explosive devices uncovered in the residence. On February 15, 2012, a Superceding Indictment was issued by the grand jury which included

the original count and added two counts - the first for Illegally Making a Firearm in violation of 26 U.S.C. §§ 5861(f), 5822, and 5871 and the second for Felon in Possession of Ammunition in violation of 18 U.S.C. § 922(g)(1).

Through his Motion, Defendant challenges the sufficiency of the affidavit signed by Investigator Crockett. Specifically, Defendant contends the affidavit was deficient in establishing probable cause existed to believe additional methamphetamine would be present at Defendant's residence. Defendant asserts the bag found in executing the first warrant had been seized and the need for a further warrant was not established. Defendant presumes that the residence would have been fully searched in executing the first warrant or that any contraband in plain view would have been seized. Defendant also finds the scrivener's error in including the name of the TPD Detective, "White" instead of Defendant's name renders the Affidavit and attendant Warrant deficient. Defendant also asserts that the statements within the Affidavit were "conclusory" and lacked sufficient factual support.

The Fourth Amendment to the United States Constitution requires that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation." U.S. Const., amend IV. "A magistrate judge's task in determining whether probable cause exists to support a search warrant 'is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of

persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Artez, 389 F.3d 1106, 1111 (10th Cir. 2004) quoting Illinois v. Gates, 462 U.S. 213, 238 (1983). A magistrate judge's decision to issue a warrant is entitled to "great deference." Id. (citations omitted). As a result, the subsequent inquiry for suppression purposes is whether, "under the totality of the circumstances presented in the affidavit, the magistrate judge had a 'substantial basis' for determining that probable cause existed." Id. (citations omitted).

Here, the state district judge was presented with the fact that law enforcement had found a substance field tested to be illegal narcotics in the course of another justified and authorized search. Whether the agents seized the narcotics and did not need an additional warrant while searching under the authority of the first warrant is immaterial and irrelevant to the inquiry. The likelihood of law enforcement finding additional narcotics or items associated with the use and/or distribution of narcotics was apparent from the face of the Affidavit. Notably, Defendant does not challenge the factual accuracy of any of the statements Investigator Crockett made in the Affidavit only their sufficiency for probable cause.

The lone exception to this statement is the inclusion of Detective White's name instead of Defendant's name in the Affidavit. Clearly, this error is merely a scrivener's error which would be apparent from a full reading of the Affidavit. In the paragraphs

5

immediately preceding the statement identifying the name of "White" instead of Defendant's name, the affiant provided information that the resident for the first search warrant was Lindsey McAteer and that Lee Delatorre (sic) was in the kitchen of the residence during the execution of first search warrant. Investigator Crockett then states "[b]ased upon your affiant (sic) training and experience, your affiant believes that White and McAteer are involved in the continuing criminal enterprise of possession of methamphetamines." The nature of the error in including White's name is obvious to the reader as a scrivener's error. No evidence of intentional representation of a false fact was presented by Defendant. Moreover, this Court finds no material prejudice to Defendant in the presence of the error in the Affidavit. United States v. Hampton, 633 F.2d 927, 929 (10th Cir. 1980). As a result, this Court concludes the state district judge had a substantial basis for concluding probable cause existed that additional narcotics would be found at the residence where Defendant was found.

Defendant next contends the scope of the Affidavit and issued Warrant was overbroad for possession and consumption of narcotics. This assertion is based upon the fact the alleged crime forming the basis for the search was possession and use of a controlled dangerous substance while the items for which a search was authorized for seizure included those normally associated with distribution. It appears Investigator Crockett mismatched the crime she believed had been committed from the discovery of the bag

6

with methamphetamine residue and the items authorized for seizure in the Affidavit and Warrant. The majority of the litany of items identified in the Warrant would apply to both Use and Possession of Narcotics and Distribution of Narcotics. However, some of the items sought specifically refer to "manufacturing" or "sale" of methamphetamine - matters beyond the scope of use and possession. Even if the inclusion of these items renders the Warrant overbroad, the good faith exception espoused in <u>United States v. Leon</u>, 468 U.S. 897 (1984). The purpose of exclusionary rule is to deter police misconduct and the suppression of evidence obtained pursuant to a warrant should only be ordered in unusual cases in which the purpose of the exclusionary rule is furthered. <u>United States v. Riccardi</u>, 405 F.3d 852, 863 (10th Cir. 2005) citing <u>Leon</u>, 468 U.S. at 918. "Where an officer acting with objective good faith obtains a search warrant from a detached and neutral magistrate and the executing officers act within its scope, there is nothing to deter." <u>Id</u>. quoting <u>United States v. Nolan</u>, 199 F.3d 1180, 1184 (10th Cir. 1999). In this case, the law enforcement officers (1) made no intentional misrepresentations in the Affidavit which mislead the judge to issue an overbroad warrant; (2) did not search beyond the scope of the warrant had it been issued for the seizure of items limited to use or possession of narcotics; (3) made every effort to secure and did secure an additional warrant upon finding the bag with methamphetamine residue rather than proceeding under the first warrant; and (4) actually seized only items pertinent to the crime

7

of use and possession of narcotics, except for the three explosive devices. Moreover, the nature of the immediate danger posed by the explosive devices certainly justified their seizure. Consequently, the evidence seized from the residence should not be suppressed based upon the content of the Affidavit or Warrant.

IT IS THEREFORE THE RECOMMENDATION OF THIS COURT that Defendant's Motion to Suppress Evidence filed on February 3, 2012 (Docket Entry #23) be **DENIED**.

The parties are herewith given fourteen (14) days from the date of the service of these Findings and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Findings and Recommendation within fourteen (14) days will preclude appellate review of the judgment of the District Court based on such findings.

IT IS SO ORDERED this 16th day of February, 2012.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE